FILED

FEB 2 2 2010

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EMPLOYERS'-PLASTERERS'
TRUST, et al.,

CV. 08-1175-PK

                     Plaintiffs,

FINDINGS AND
RECOMMENDATION

v.

NORTHWEST INTERIORS GROUP,
LLC, et al.,

                     Defendants.

_____

PAPAK, Magistrate Judge:

      The plaintiffs filed this action under the Labor Management Relations Act (LMRA), 29

U.S.C. § 185, and the Employment Retirement Income Security Act (ERISA), 29 U.S.C. § 1145,

against Northwest Interiors Group and obtained a default judgment.  This court has jurisdiction

under 29 U.S.C. § 1132(e).  Plaintiffs' bill of costs (#33) and motion for attorney's fees (#34) are

now before the court.  Plaintiffs' bill of costs and motion for attorney's fees should be granted, for

PAGE 1 - FINDINGS AND RECOMMENDATION

the reasons set forth below.

## BACKGROUND

The plaintiffs are funds set up to accept and administer contributions from employers to cover the welfare, pension, vacation, training and other needs of their employees. Plaintiffs alleged that defendants Northwest Interiors Group, Tamara Nelson and Kirk Stempel entered a collective bargaining agreement that required them to make contributions to the funds on behalf of their employees and that defendants failed to make the required contributions. The trust agreements provide that employers are responsible for reasonable attorney's fees and court costs incurred in efforts to collect delinquent payments, audit fees, attorney's fees, or other money due to the trust fund. Plaintiffs served the complaint on the defendants in October 2008.

Defendants did not obtain counsel and did not answer the complaint. Plaintiffs made efforts to obtain voluntary discovery from the defendants and requested several extensions toward that end. Plaintiffs ultimately filed a motion to compel. Plaintiff then withdrew the motion and instead pursued a default judgment against the defendants. In November 2009, this court entered a default judgment against the defendants, which included plaintiffs' damages plus reasonable attorney's fees, costs, and audit fees, to be determined. Plaintiffs now seek $2,612.50 in attorney's fees and $491.49 as costs.

## DISCUSSION

### I.    Entitlement to Fees Under 29 U.S.C. § 1132(g)(2)(D)

Under 29 U.S.C. § 1132(g)(2)(D), in any ERISA action by a fiduciary for or on behalf of a plan to enforce 29 U.S.C. § 1145, in which the court awards a judgment in favor of the plan, "the court shall award the plan . . . reasonable attorney's fees and costs of the action, to be paid

by the defendants." 29 U.S.C. § 1332(g)(2)(D). An award under section 1132(g)(2) is mandatory if the following requirements are satisfied: (1) the employer is delinquent at the time the action is filed; (2) the district court has entered a judgment against the employer; and (3) the plan provides for such an award. *Northwest Adm'rs, Inc. v. Albertson's, Inc.*, 104 F.3d 253, 257 (9th Cir. 1996). Moreover, a court may retain jurisdiction over an ERISA delinquent contribution action until it determines that the defendant has satisfied its obligations under the court's order. *See, e.g., Bd. of Trs. of the Cement Masons Health & Welfare Trust Fund for N. Cal. v. Charles B. Harding Constr., Inc.*, No. 09-2053, 2009 U.S. Dist. LEXIS 120899, *10 (N.D. Cal. Oct. 6, 2009); *Moreno v. Casrik, Inc.*, No. 05-1250, 2006 U.S. Dist. LEXIS 33346, at *23 (N.D. Cal. May 25, 2006).

Here, the plaintiffs have met the requirements for a mandatory fee award under § 1132(g) (2)(D). The defendants were delinquent when the complaint was filed, as reflected in the default judgment entered against them. In addition, the trust agreements provide for an award. Therefore, plaintiffs are entitled to their attorney's fees.

## II.    Reasonableness of Fees

"When awarding fees under ERISA, the court must determine a 'lodestar' amount by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate." *Credit Managers Ass'n v. Kennesaw Life & Accident Ins. Co.*, 25 F.3d 743, 750 (9th Cir. 1994) (citation omitted). The court may increase or decrease the lodestar fee based on any of the following factors that it finds to be relevant: 1) the time and labor required; 2) the novelty and difficulty of the questions involved; 3) the skill required; 4) the preclusion of other employment by the attorney due to acceptance of the case; 5) the customary fee; 6) time limitations; 7) the

amount involved and the results obtained; 8) the experience, reputation, and ability of the attorneys; 9) the "undesirability" of the case; 10) the nature and length of the professional relationship with the client; and 11) awards in similar cases. *Id.*

Here, I have reviewed the plaintiffs' detailed itemization of the attorney's fees. Plaintiffs request fees in the amount of $ 2,362.50. This sum is derived from 20.9 hours of work performed by an attorney at a discounted hourly rate of $125. Both the number of hours and the hourly rate are reasonable in light of the attorney's efforts to obtain discovery and the discount he applied to his regular rate. Therefore, the court should award $2,362.50 in attorney's fees, pursuant to the trust agreements and section 1132(g)(2)(D).

## III.    Reasonableness of Costs

Courts refer to 28 U.S.C. § 1920, the general federal cost statute, to determine reasonable costs in an ERISA action. *See Trs. of the Constr. Indus. & Laborers Health & Welfare Trust v. Redland Ins. Co.*, 460 F.3d 1253, 1258 (9th Cir. 2006) (holding that, even if costs are not authorized under 28 U.S.C. § 1920, courts may include them in an attorney fee award under 29 U.S.C. § 1132(g)(2)(D) if it is the prevailing practice of lawyers in the community to bill clients for those costs separately from their hourly rates).

Here, plaintiffs seek to recover $ 491.79 in costs for filing fees and fees for service of summons, both of which are allowable costs under 28 U.S.C. § 1920. *See* 28 U.S.C. § 1920(1); *Alflex Corp. v. Underwriters Lab.*, 914 F.2d 175, 177 (9th Cir. 1990)(holding that the cost of private process servers should be taxable under 28 USC § 1920(1)). Therefore, the Court should tax $491.79 in costs against the defendants.

PAGE 4 - FINDINGS AND RECOMMENDATION

## CONCLUSION

For the reasons set forth above, the court should grant plaintiffs' bill of costs (#33) and motion for attorney's fees (#34). The court should award fees in the amount of $2,612.50. The court should tax $491.79 in costs against the defendant.

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due fourteen (14) days from service of the Findings and Recommendation. If no objections are filed, then the Findings and Recommendation will go under advisement on that date. If objections are filed, then a response is due fourteen (14) days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

Dated this 22nd day of February, 2010.

Honorable Paul Papak
United States Magistrate Judge

PAGE 5 - FINDINGS AND RECOMMENDATION